**Booker LARY, Individually and as next friend of Shirley Lary**

v.

**John J. KAVANAUGH; Jaylon Fincannon; Texas Department of Mental Health and Mental Retardation.**

Civ. A. No. 4–82–79–E.

United States District Court,
N.D. Texas,
Fort Worth Division.

May 31, 1985.

Edward Moore, Law Offices of Windle Turley, Dallas, Tex., for plaintiffs.

Fred Weldon, Asst. Atty. Gen., Austin, Tex., for defendants.

## ORDER

MAHON, District Judge.

This lawsuit arises from the care and treatment of Shirley Lary, a 39 year old mentally retarded female who became pregnant and gave birth while enrolled at the Texas Department of Mental Health and Mental Retardation (TDMHMR) facility in Fort Worth. Plaintiff is Shirley Lary's father and brings this suit on her behalf against John J. Kavanaugh, Commissioner of the TDMHMR, Jaylin Fincannon, Superintendent of the Fort Worth facility, both in their official and individual capacities and against the TDMHMR, alleging that the conditions at the Fort Worth facility violated Shirley Lary's constitutional and federal statutory rights as well as state statutory rights. Plaintiff seeks compensatory and exemplary damages.

Defendants have filed a motion for summary judgment claiming that they are immune from liability under the Eleventh Amendment of the U.S. Constitution and that Defendants Kavanaugh and Fincannon, in their individual capacities, are entitled to the qualified immunity of state officials acting in the scope of their authority. Plaintiff has filed a response to which the defendants have replied. After carefully considering the briefs of the parties, the record and the applicable law, the Court comes to the following decision.

■ It is well established that the Eleventh Amendment bars suit against a State by a private party in federal court without that State's consent. *See e.g. Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Whether a State is a party to the action even though it is not named as a defendant depends on whether the state is the real, substantial party in interest. *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945). In *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1973), the Supreme Court stated:

> Thus the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.

*Id.* at 663, 94 S.Ct. at 1356. Furthermore, this rule applies to all state claims brought in federal court regardless of how jurisdiction is asserted over that claim. *Pennhurst State School & Hospital v. Halderman,* 104 S.Ct. at 919 ("neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment").

■ There is an important exception to the immunity granted states by the Eleventh Amendment. When a plaintiff sues a state official alleging a violation of federal law, a federal court may award prospective injunction relief but not retroactive monetary relief. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662. This exception, however, does not come into play here because plaintiff is only seeking monetary damages and not injunctive relief. Thus, plaintiff cannot avoid the application of the Eleventh Amendment.

■ The Court finds that given the relationship between the State of Texas and its TDMHMR, claims against the agency and its officials are in reality claims against the State and that any judgment against the TDMHMR will be satisfied from money in the state treasury. Thus, the State of Texas is the real, substantial party in interest

**564**

in this lawsuit and as such, this lawsuit is barred by the Eleventh Amendment.

Nevertheless, plaintiff claims that the defendants waived their right to sovereign immunity by (1) engaging in an activity of paramount federal interest and (2) explicitly submitting to federal jurisdiction in a related case styled *Lelsz v. Kavanagh,* Civil Action No. S–74–95. The Court does not agree.

■ As to the first basis for waiver, plaintiff takes the position that the TDMHMR's participation in the federally funded rehabilitation of developmentally disabled persons program, 42 U.S.C. § 6000, *et seq.,* manifests a willingness by the State of Texas to promote and enforce federal interests and thus constitutes a waiver of Eleventh Amendment immunity. This reasoning was expressly rejected by the Supreme Court in *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662, where the Court stated:

> The mere fact that a State participates in a program through which the Federal Government provides assistance for the operation by the State of a system of public aid is not sufficient to establish consent on the part of the State to be sued in the federal courts.

*Id.* at 693, 94 S.Ct. at 1370.

■ As a second basis for waiver, plaintiff contends that in *Lelsz v. Kavanagh,* a suit to protect the class of mentally retarded people in Texas institutions, the same defendants submitted to federal jurisdiction by entering into a consent decree. However, in the *Lelsz* consent decree, it provided that:

> Although plaintiff would probably have prevailed at trial upon most or many of their claims, there were legal obstacles in their path that they have averted by settling. Defendants were prepared to argue that a federal court was debarred either by the Eleventh Amendment or by "abstention" principles from ordering relief sought under state law.

*Lelsz v. Kavanagh* consent decree, p. 21. Thus, the defendants avoided a ruling on

their Eleventh Amendment argument. The Court finds that such action on the part of the defendants does not amount to "unequivocally expressed" consent on the part of the State of Texas to constitute a waiver of the Eleventh Amendment. *See Pennhurst State School & Hospital v. Halderman,* 104 S.Ct. at 907.

■ In sum, the Court finds that the Eleventh Amendment effectively precludes this Court from adjudicating plaintiff's claims based on state law. Having made such a finding, the Court cannot simply dismiss the state law claims. The Eleventh Amendment is a "specific constitutional bar against hearing even *federal* claims that otherwise would be within the jurisdiction of the federal courts." *Id.* at 919; *see also Monaco v. Mississippi,* 292 U.S. 313, 322, 54 S.Ct. 745, 747, 78 L.Ed. 1282 (1934). Therefore, dismissal of the entire case is necessary. Accordingly, the Court hereby ORDERS that plaintiff's complaint be DISMISSED with prejudice for such suit is barred by the Eleventh Amendment.